**Conlan, Jr. License**

*Louis F. Floge, Jr.,* for appellant.

*R. Barry McAndrews,* for Commonwealth.

GARB, J., July 1, 1969.—This is an appeal from an order of the Secretary of Revenue dated April 1, 1969, purporting to suspend appellant's privilege to operate a motor vehicle on the highways of Pennsylvania for a period of three months, effective April 14, 1969. As the result of a hearing held de novo, we make the following:

FINDINGS OF FACT

1. Appellant, John J. Conlan, Jr., resides at 1829 Parkview Avenue, Bristol Township, Bucks County, Pa.

2. Appellant is 17 years of age, having been born on May 29, 1952, and is the holder of a junior motor vehicle operator's license.

3. On March 30, 1968, when appellant was fifteen years of age and unlicensed to operate motor vehicles on the highways, he was operating a motor vehicle in an easterly direction on Newportville Road in Bristol Township, Bucks County, Pa. at approximately 5:30 p.m.

4. At the aforesaid time and place the said highway was a two-lane asphalt road, the weather was clear, the highway was dry, and no accident was involved.

5. As the result of the foregoing, appellant was charged with operating a motor vehicle on a highway of the Commonwealth without a valid operator's license to which he did plead guilty and pay the fine and costs.

6. Subsequent to the foregoing conviction appellant did apply for and was issued by the Secretary of Revenue the aforesaid junior motor vehicle operator's license.

7. The effective date of the within suspension is subsequent to the issuance of the foregoing junior motor vehicle operator's license.

## DISCUSSION

There is no question that appellant was guilty of the violation as charged, to wit, operating a motor vehicle on the highways of the Commonwealth of Pennsylvania at a time when he was not a duly licensed operator of motor vehicles under the Act of August 18, 1967, Act No. 101, sec. 1, 75 PS §601. Indeed, being of the age of only 15 he was not eligible to be so licensed at that time. See the Act of September 16, 1961, P. L. 1367, sec. 1, 75 PS §604. Although the vehicle in question was a bicycle with a two horsepower lawnmower engine mounted thereon which was the mode of propulsion of the vehicle, that would qualify as a motor

vehicle as defined by The Vehicle Code of April 29, 1959, P. L. 58, sec. 102, as amended, 75 PS §102.

The Secretary of Revenue purported to suspend appellant's operator's privileges pursuant to the provisions of section 604.1(a) and (d) of The Vehicle Code.[1] Subsection (a) of the foregoing Act of Assembly provides in relevant part as follows:

"In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that *a licensed junior operator* is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' or violates subsection (c) hereof, the secretary may, after a hearing, suspend the operating privileges of *such junior operator* until he has reached the age of eighteen (18) years, or for any other period of time." (Italics supplied.)

Subsection (d) in relevant part provides, inter alia, as follows:

"In addition to the other provisions of this act relating to the suspension or revocation of operating privileges, in the event that *a regular operator* under the age of eighteen (18) is involved in an accident for which he is partially or fully responsible in the opinion of the secretary, pleads guilty or nolo contendere, or is convicted of any violation of 'The Vehicle Code,' the secretary may, after a hearing, suspend the operating privileges *of such operator* or issue him a junior operator's license in lieu of or in addition to said suspension." (Italics supplied.)

The distinction between these two sections would appear to be that subsection (a) applies to the suspension of an operator holding a junior operator's license

[1] Act of April 29, 1959, P. L. 58, sec. 604.1, as amended, Act of September 16, 1961, P. L. 1367, sec. 2, 75 PS §604.1(a) and (d).

while subsection (d) applies to an operator under 18 but who, nonetheless, holds a regular operator's license. Therefore, in view of the fact that appellant herein at the time of the notice of suspension was the holder of a junior operator's license, we must presume that only section (a) can apply. There is no doubt that under this section the secretary has discretionary power to suspend a junior license: Miskey License, 46 D. & C. 2d 14 (1968), and Fink License, 45 D. & C. 2d 642 (1968).

The fascinating question confronting us herein, therefore, is whether the Secretary of Revenue has the discretion to suspend a junior operator's license under the provision of this section where the violation of The Vehicle Code out of which the suspension arises was committed prior to the time that the licensee was a licensed operator. We must conclude, reluctantly, that the secretary may not do so. Where an operator of a motor vehicle is convicted of a violation of The Vehicle Code at a time when he is an unlicensed operator, and he subsequently becomes a licensed operator, the secretary may thereafter suspend his operating privileges under the Act of February 2, 1966, P. L. (1965) 1886, no. 600, sec. 1, 75 PS §618: Commonwealth v. Pulizzi, 8 Lyc. 191 (1962).[2] While this may appear to be an anomalous result, we are satisfied that it is one dictated by the difference in the language of the two sections. Section 618 of The Vehicle Code provides in relevant part in subsection (b) that "the secretary may suspend the operator's license or learner's permit of *any person*, . . ." However, in section 604.1(a), the section under which the secretary pur-

---

[2] However, the secretary may not, under those circumstances, suspend the operator's right to apply for a license under the Act of April 29, 1959, P. L. 58, section 619, 75 PS §619, because the operator already has a license and therefore his right to apply for same has been obviated: Gillis License, 44 D. & C. 2d 442 (1968).

ported to suspend this appellant's license, it is provided in relevant part that the secretary may suspend the operating privileges "of such junior operator" in the event that "a licensed junior operator . . . is convicted of any violation of 'The Vehicle Code.'" Therefore, it is inescapable that a suspension under section 618 would lie of the license of any person found guilty of violating a provision of The Vehicle Code regardless of whether he was a licensee at the time of violation or not, and this is consistent with the holding in Commonwealth v. Pulizzi, supra. However, different language is employed in section 604.1, the section under which this purported suspension was imposed, providing solely that suspension will lie only in the event that a licensed junior operator is convicted of a violation of The Vehicle Code. While we recognize that this result may afford appellant an advantage based upon what may appear to be a dubious distinction in application of the two acts of assembly relating to suspension of operator's license, the fact is that the legislature employed different language in each section and we must conclude therefrom that a different result was contemplated. The secretary had the option to impose the suspension under section 618 but chose not to do so. Whether or not he may now reconsider and issue a new suspension under what we consider to be the proper section inasmuch as there is no statute of limitations regarding license suspension (see In Re: Neal Appeal, 59 Berks 109 (1967) ) we do not decide herein.

Accordingly, we enter the following

## ORDER

And now, to wit, this July 1, 1969, the appeal is sustained and the suspension of the Secretary of Revenue is hereby denied, dismissed and overruled.